## OHIO SAVINGS BANK & TRUST CO. v. WILLYS CORPORATION.

(District Court, D. New Jersey. March 22, 1923.)

United States ⬳75—May recover overpayment to contractor resulting from fraud or mistake.

> The United States can recover from a government contractor an overpayment made by it to the contractor on a final settlement after rescission, where the overpayment was made through fraud or mistake, since no officers of the government have power to make a settlement other than one unaffected by any taint or infirmity.

In Equity. Suit by the Ohio Savings Bank & Trust Company against the Willys Corporation. On claim of the United States on appeal from disallowance by the receivers of the corporation. Claim allowed.

Walter Bacon, Asst. U. S. Atty., of Bridgeton, N. J., and Ralph E. Moody, Asst. Atty. Gen. (Meier Steinbrink, of Brooklyn, N. Y., of counsel), for the United States.

McDermott, Enright & Carpenter, of Jersey City, N. J., and McCarter & English, of Newark, N. J. (John M. Enright, of Jersey City, N. J., and Conover English, of Newark, N. J., of counsel), for receivers.

BODINE, District Judge. The United States entered into a number of contracts with the Dusenberg Motors Corporation for the building of airplane engines during the late war. The first contract provided, in article XI, for its cancellation as follows:

> "In the event of and upon the cancellation or termination of this contract for any reason other than the default of the contractor, the government shall pay to the contractor all expenditures incurred in connection with the performance of this contract not already paid to the contractor and particularly including payment for all material purchased, all costs of production, including overhead, general administrative expense, and so forth, as itemized or scheduled in article V hereof."

On August 14, 1919, the government entered into a supplemental contract with the Dusenberg Motors Corporation, the pertinent provisions being as follows:

> " * * * This * * * agreement is supplemental to all of * * * the agreements and is for the purpose of consolidating and settling the same as though they were but one instrument. * * * The furnishing and delivery of further articles of work under the original contract would exceed the present requirements of the government. * * * The contractor

pursuant to the original contract has incurred expenses and obligations for the purpose of furnishing and delivering the articles of work remaining undelivered under said contract; and relinquished prospective profits. * * * It is in the public interest to terminate and settle said original contract * * * as herein provided."

After the consummation of the settlement so provided for, the Dusenberg Motors Corporation sold its property to the Willys Corporation. New capital was contributed to the enterprise. The Willys Corporation failed and receivers were appointed by this court, who sold the property situate in this state for something less than 50 per cent. of its cost.

It is the contention of the government that by reason of the settlement contract referred to there was an overpayment made by the United States in the sum of $638,748.30. Proof was offered before me tending to show the payment of this sum of money in excess of the sum called for under the contracts between the government and the Dusenberg Motors Corporation. In disallowing the claim, the receivers take the position that they are protected by the settlement contract and cite the case of United States v. Corliss Steam Engine Co., 91 U. S. 321, 23 L. Ed. 397. That case is not applicable. The settlement contract there was unaffected by any taint or infirmity.

The government having made a prima facie showing that an overpayment was made to the Dusenberg Motors Corporation is entitled in equity to recover for such overpayment whether made through mistake or fraud, and nothing may be predicated upon a settlement contract unless fair and just in every particular. No officers of the government have power to make a settlement other than one unaffected by any taint or infirmity. United States v. Corliss Steam Engine Co., supra. To the extent of the overpayment made to the Dusenberg Motors Corporation, the United States may recover in an action against it or its successors to the extent of the successors' liability. The property in the hands of the receiver is the proceeds of the sale of the Dusenberg Motors plant, to which was added some $10,000,000 of improvements placed thereon by materialmen and others, some of whom were not paid and others of whom were paid by contributions of new capital.

Proofs may be taken before a master to show the state of account between the parties by reason of the settlement contract. The proofs indicate at the present that the government has overpaid the Dusenberg Motors Corporation. Proofs may also be taken to show the proportionate amount of assets in the hands of the receivers derived from the Dusenberg Motors Corporation.

Testimony taken before me may be used before the master. All legal questions, except as herein disposed of, are reserved.